UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**MICHAEL MARTIN**  DOCKET NO. _____

**VERSUS**  JUDGE _____

**SENKO (U.S.A.) INC., AMTRUST INSURANCE COMPANY OF KANSAS, INC., ULISES BOTELLO, AND SAFEWAY INSURANCE COMPANY OF LOUISIANA**  MAGISTRATE _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, SENKO (U.S.A.) INC., AMTRUST INSURANCE COMPANY OF KANSAS, INC., and ULISES BOTELLO ("Defendants"), hereby remove this civil action to this Honorable Court as provided for by law.

### Introduction

1. On June 21, 2021, Michael Martin filed this action in the First Judicial District Court, Caddo Parish, Louisiana, where the case was assigned number 631-027-A (the "State Action"). A copy of the Petition for Damages is attached as Exhibit "A," and is referenced herein as if copied *in extenso*.

2. Plaintiff named SENKO (U.S.A.) Inc., Amtrust Insurance Company of Kansas, Inc., Ulises Botello, and Safeway Insurance Company of Louisiana as defendants in the State Action.

3. In the State Action, Plaintiff claims certain injuries as a result of a motor vehicle accident. *See* Exhibit "A." Plaintiff alleges that the collision was caused by the negligence of Ulises Botello and SENKO (U.S.A.) Inc. Plaintiff also claims that Ulises

Botello/SENKO (U.S.A.) Inc. was insured by Amtrust Insurance Company of Kansas, Inc.

4. Plaintiff further claims Safeway Insurance Company of Louisiana provided uninsured motorist coverage to the vehicle owned and operated by Michael Martin.

5. As shown below, this case falls within this Court's jurisdiction pursuant to 28 U.S.C. §§1332, 1441, and 1446(b)(3).

## This Court has Original Jurisdiction Pursuant to Diversity

6. As of the time of the filing of the Petition for Damages, and as of the date of the filing of this Notice of Removal, Plaintiff was and is domiciled in Louisiana.

7. As of the time of the filing of the Petition for Damages, and as of the date of the filing of this Notice of Removal, Ulises Botello was and is domiciled in Florida.

8. As of the time of the filing of the Petition for Damages, and as of the date of the filing of this Notice of Removal, SENKO (U.S.A.) Inc. was and is a corporation incorporated under the laws of Illinois with its principal place of business in Illinois.

9. As of the time of the filing of the Petition for Damages, and as of the date of the filing of this Notice of Removal, Amtrust Insurance Company of Kansas, Inc. was and is a corporation incorporated under the laws of Delaware with its principal place of business in Kansas.

10. As of the time of the filing of the Petition for Damages, and as of the date of the filing of this Notice of Removal, Safeway Insurance Company of Louisiana was and is a corporation incorporated under the laws of Louisiana with its principal place of business in Louisiana.

11. As of the date of the filing of the Petition for Damages, there was no diversity of citizenship. Plaintiff and Safeway were both domiciled in Louisiana.

12. However, a case may become removable when the only nondiverse defendant is **formally** dropped from the suit. *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 387 (5th Cir. 2018).

13. Pursuant to 28 USCA § 1446, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

14. On June 9, 2022, undersigned counsel discovered through access of the State Court's online records that Defendant, Safeway Insurance Company of Louisiana filed a Motion and Order of Dismissal. A copy of the receipt from the Court's website showing the date of the download is attached as Exhibit "B(1)." This was the first time undersigned counsel or his firm received a copy of the signed Order of Dismissal, which unambiguously established that the only nondiverse defendant had been formally dropped from the suit. *See* Affidavit of S. Michael Cooper, attached as Exhibit "B."

15. The pleadings downloaded by undersigned counsel's firm indicate that Safeway Insurance Company of Louisiana filed the Motion and Order of Dismissal on January 31, 2022. The Order of Dismissal was signed by the presiding Judge on February 1, 2022. *See* Exhibit "B(2)."

16. Undersigned counsel investigated what notice, if any, had been provided on the dismissal of Safeway. Counsel learned the following:

a. No one at undersigned counsel's firm at any time received notice through U.S. Mail, hand delivery, facsimile or private courier of Safeway's Motion to Dismiss, the Order of Dismissal, or correspondence regarding same.

b. Undersigned counsel, and his associate attorney on the case Chelsey Colontonio, use the Microsoft Outlook program to send and receive email. Undersigned counsel and Ms. Colontonio reviewed their Outlook inbox **and** spam folder for the period January 1, 2022 to the present. They did not find an email from plaintiff counsel or Safeway's counsel (or anyone else) advising of Safeway's Motion to Dismiss, the Order of Dismissal, or correspondence regarding same.

c. Out of an abundance of caution, and for the sake of thoroughness, on June 15, 2022, undersigned counsel logged on and searched the background email provider that syncs (or "pushes") to Outlook. This search revealed a January 27, 2022 email from Safeway's legal staff, which attached a copy of the Motion to Dismiss Safeway and an **unsigned** Order of Dismissal. For reasons not known to undersigned counsel, this email never synced to Outlook, and Defendants did not receive notice of it.

d. Undersigned counsel did not know to look for this email on or about January 27, 2022. Undersigned counsel did not know it was coming. Undersigned counsel does regularly check his Outlook spam folder, but the email was not in there.

e. A search of the underlying email service provider on June 15, 2022, in connection with investigating the notice issue for purposes of removal, further revealed a April 8, 2022 email from Safeway's legal staff, which stated that "Safeway has been dismissed." Again, this email never pushed to undersigned counsel's

  Outlook inbox folder or spam folder. This email did not attach a copy of the signed Order of Dismissal.

 f. Undersigned counsel did not know to look for this email on or about April 8, 2022. Undersigned counsel did not know it was coming. Undersigned counsel does regularly check his spam folder, but the email was not in there.

 g. Defendants did not receive the **signed** Order of Dismissal, which formally and unambiguously created diversity jurisdiction, from any source until June 9, 2022.

17. Defendants submit that June 9, 2022 is the date on which Defendants first ascertained that the case became removable. This is the date the motion and **signed** order of dismissal of Safeway was downloaded from the Caddo Parish Clerk of Court website. This date is the first time Defendants "unambiguously established" that federal jurisdiction attached. Notice of Removal is timely.

18. The Notice of Removal is filed less than one-year after commencement of the action. 28 USCA § 1446.

19. As for amount in controversy, Plaintiff alleges his past medical expenses exceed $75,000. Plaintiff counsel sent a summary of plaintiff's past medical bills, which total $118,907.14. See Exhibit "B(3)."

20. All Defendants consent in the removal of this action.

21. There is complete diversity of citizenship between the parties, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the removal of the action is timely. Therefore, this Court has original jurisdiction over this case as a matter of diversity jurisdiction. *See* 28 U.S.C. §1332.

**Conclusion**

22. Because this Notice of Removal is timely and all the prerequisites for removal, including those set out in 28 U.S.C. §1441 and 1446 have been met, Defendants give Notice of Removal, and will give written notice to Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the First Judicial District Court, Caddo Parish, Louisiana.

Shreveport, Louisiana, this 17$^h$ day of June, 2022.

    Respectfully submitted,

    PETTIETTE, ARMAND, DUNKELMAN,
    WOODLEY, BYRD & CROMWELL, L.L.P.


BY: *s/ S. Michael Cooper*
    S. Michael Cooper, Bar No. 24057 (T)
    mcooper@padwbc.com
    Chelsey T. Colontonio, Bar No. 38526
    ccolontonio@padwbc.com

400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana  71166-1786
Telephone:   (318) 221-1800
Facsimile:    (318) 226-0390

ATTORNEYS FOR DEFENDANTS