UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL MARTIN** | **CASE NO. 5:22-CV-01715** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SENKO (USA) INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. #7], filed by Plaintiff Michael Martin. The motion is opposed. For reasons that follow, it is recommended that Plaintiff's motion be GRANTED, and this matter be REMANDED.

**Background**

On June 21, 2021, Plaintiff Michael Martin ("Plaintiff") filed the instant personal injury action in the First Judicial District Court, Caddo Parish, State of Louisiana, against Defendants Senko (U.S.A.) Inc. ("Senko"); Amtrust Insurance Company of Kansas, Inc. ("Amtrust"); and Ulises Botello ("Botello") (collectively, "Defendants"). [doc. #1-1, p. 1]. In the state court Petition, Plaintiff also brought suit against Defendant Safeway Insurance Company of Louisiana ("Safeway"). Plaintiff seeks damages arising from an automobile accident.

According to the Petition, on October 21, 2020, Plaintiff was driving on Interstate 20 in Caddo Parish, Louisiana, when Defendant Botello, operating an 18-wheeler owned by Senko, abruptly changed lanes and sideswiped his vehicle. [doc. #1, p. 1-2]. Plaintiff alleges that Botello was acting in the course and scope of his employment with Senko at the time of the accident. *Id.* at 2. Plaintiff also alleges that Amtrust provided liability coverage to Senko's vehicle and that

Safeway, which has since been dismissed from this action, provided uninsured motorist coverage for his vehicle. *Id.*

Plaintiff alleges that Defendants' negligent and reckless conduct caused him harm. *Id.* He seeks damages for past and future medical expenses; pain and suffering; mental pain and anguish; loss of enjoyment of life; scarring and disfigurement; functional impairment and disability; loss of earning capacity; and property damage. *Id.* at 2-3.

On January 31, 2022, Plaintiff and Safeway filed a joint motion to dismiss.

On February 1, 2022, the state court granted the joint motion and dismissed Safeway, a Louisiana Defendant, from the lawsuit.

On June 17, 2022, Defendants removed the case to federal court, asserting that the Court has original jurisdiction pursuant to diversity under Title 28, United States Code, Section 1332. *Id.* at 1. Plaintiff is a citizen of Louisiana; Botello is a citizen of Florida; Senko is an Illinois corporation; and Amtrust is a Kansas corporation. *Id.* at 2. The amount in controversy exceeds the jurisdictional threshold. *Id.* at 5.

On July 15, 2022, Plaintiff filed his motion to remand [doc. #7]. Therein, Plaintiff argues that Defendants' removal was untimely because Defendants were on notice that the case was removable at least 60 days prior to removal, meaning that they removed the case long after the 30-day clock expired. *Id.* at 1.

On August 5, 2022, Defendants filed their opposition [doc. #14], arguing that they were not on notice that the case was removable until June 9, 2022, and, therefore, removal on June 17, 2022, was timely.

On August 12, 2022, Plaintiff filed his reply. [doc. #15].

Accordingly, this matter is ripe.

## Analysis

A civil action brought in state court may be removed to the federal district court where such action is pending if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden to show that federal jurisdiction is proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Because removal raises significant federalism concerns, removal is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Certified Pressure Testing, LLC v. Markel Am. Ins. Co.*, No. 3:20-cv-2783-S, 2021 WL 674124, at *2 (N.D. Tex. Feb. 21, 2021) (citing *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)). "The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332." *Id.*

When, as here, defendants remove the suit on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Id.* (quoting *Frye v. Aanadarko Petr. Corp.*, 953 F.3d 285, 293 (5th Cir. 2019)). The parties do not contest that the Court has diversity jurisdiction.

Rather, the parties dispute whether removal was timely. Plaintiff relies on Title 28, United States Code, Section 1446(b)(3) to support its assertion that removal was untimely. Under Section 1446(b), a defendant must file a notice of removal: (1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or (2) if the case "stated by the initial pleading is not removable," within 30 days after defendant's receipt, "through service or otherwise, of a copy of

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

"Other paper," as contemplated by Section 1446(b)(3), may include emails or correspondence between opposing counsel. *See Certified Pressure Testing*, 2021 WL 674124, at *3 (citing *Stramel v. GE Cap. Small Bus. Fin. Corp.*, 955 F. Supp. 65, 67 (E.D. Tex. Feb. 28, 1997)); *Credeur v. York Claim Serv.*, No. 13-cv-01367, 2013 WL 5935477, at *5 (W.D. La. Sept. 9, 2013). Further, the 30-day removal period is triggered only when information supporting removal is "unequivocally clear and certain" from the amended pleading, motion, order, or other paper. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

The parties agree that, although the case was not removable when filed, it became removable on February 1, 2022, when the state court issued an order dismissing non-diverse Defendant Safeway. The parties disagree as to when Defendants were on notice that Safeway was dismissed and the case was removable.

Defendants contend that they learned the case was removable on June 9, 2022, when defense counsel downloaded a signed order, dated February 1, 2022, dismissing Safeway from the suit. [doc. #1]. Conversely, Plaintiff argues that Defendants received notice on January 27, 2022, when Plaintiff emailed defense counsel a joint motion to dismiss Safeway. [doc. #7]. Alternatively, Plaintiff argues that, at the latest, Defendants learned that the case was removable on April 8, 2022, when Defendants were notified by email that Safeway was dismissed. *Id.*

In their opposition, Defendants argue that neither the January 27 email nor the April 8 email properly notified them that the case was removable. [doc. #14, p. 3]. According to them, the January 27 email, at most, put them on notice that the case was about to become removable—

4

not that it already was. *Id.* Defendants argue that the April 8 email is similarly insufficient because it did not include the signed order of dismissal and was not voluntarily sent by Plaintiff. *Id.* at 4.

And, according to Defendants, even if the January 27 and April 8 emails were otherwise sufficient to notify them that the case was removable, they did not become aware of the emails until June 15, 2022. [doc. 1, p. 4-5]. Allegedly, after learning on June 9, 2022, that Safeway was dismissed from the case, defense counsel investigated what notice had been provided on the dismissal of Safeway. *Id.* at 3–4. Defense counsel did not find any email advising of Safeway's dismissal in their inbox—however, they did discover the January 27 email and the April 8 email in their "background email provider." *Id.* at 4. According to Defendants, the "background email provider" did not sync the two emails to defense counsel's inbox. *Id.* Thus, Defendants allege that they were not aware until June 6, 2022, that Safeway was dismissed, and the case was removable. *Id.*

Accordingly, the Court must determine whether, under Section 1446(b)(3), Defendants were in "receipt" of the January 27 or April 8 emails, and, if so, whether the emails put Defendants on notice that the case was removable.

Some circuits apply the "mailbox rule"[1] to emails, creating "a rebuttable presumption that emails are properly sent, received, and read." *Davis v. Airgas USA, LLC*, No. H-19-4921, 2020 WL 2113617, at *4 (S.D. Tex. May 1, 2020) (citing *Ball v. Kotter*, 723 F.3d 813, 830 (7th Cir. 2013); *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000)). While the Fifth Circuit has not

---

[1] Under the "mailbox rule," proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 420 (5th Cir. 2019). "Circumstantial evidence may be used to prove that the letter was put in the mail . . . ." *Id.* "A bare assertion of non-receipt is insufficient to rebut the presumption." *Id.*

recognized a "mailbox rule" presumption to emails, some district courts in the Fifth Circuit have. *Id.* (citing *Krohn v. Spectrum Gulf Coast, LLC*, No. 3:18-CV-2722-S, 2019 WL 4572833, at *3 (N.D. Tex. Sept. 19, 2019) (applying the mailbox rule presumption to an email); *Nart v. Open Text Corp.*, No. A-10-CV-870-LY-AWA, 2013 WL 442009, at *2 (W.D. Tex. Feb. 5, 2013)). In *Davis v. Airgas*, the court held that, even if the "mailbox rule" presumption of receipt did apply to emails, the defendant rebutted the presumption with an affidavit indicating that he did not receive the email. 2020 WL 2113617, at *4. Conversely, in this case, defense counsel acknowledges in his affidavit that his email server received both the January 27 and April 8 emails—however, the background server did not sync the emails to his inbox. [doc. #1, p. 4-5]. Here, then, even if the presumption of receipt does *not* apply, Defendants acknowledge that defense counsels' email server received both emails, but a technical error with their server prevented them from seeing the emails in their inbox.

Thus, the undersigned finds that the receipt issue in this case is more analogous to *Trevino v. City of Forth Worth*, 944 F.3d 567 (5th Cir. 2019). There, plaintiffs failed to respond to a motion to dismiss because their defective software diverted court notification emails to their spam folder. *Id.* at 570. The Fifth Circuit denied plaintiff's motion for relief under Rule 60(b),[2] noting that "a party has a duty of diligence to inquire about the status of a case." *Id.* Further, the court held that a district court does not abuse its discretion in concluding that "sending court communications to a spam folder" is not excusable neglect. *Id.* (quoting *Onwuchekwe v. Okeke*, 404 Fed. App'x 911, 912 (5th Cir. 2010)). Similarly, in the instant case it was defense counsels' defective server that

---

[2] Under Fed. R. Civ. P. 60(b)(1), a party may move for relief from a judgment, order, or proceeding, because of, among other reasons, "mistake, inadvertence, surprise, or excusable neglect."

6

failed to sync the emails to the appropriate inbox—there is no indication in the record that the transmission of the emails themselves were deficient.[3] Thus, as Plaintiff aptly put it, "internal inbox difficulties cannot negate an effective email transmission to the proper recipient."[4] Accordingly, the undersigned finds that, for purposes of notice under Section 1446(b)(3), Defendants received the emails when they were delivered to counsels' background server on January 27, 2022, and April 8, 2022, respectively.

Next, the Court must determine whether information supporting removal was "unequivocally clear and certain" from the emails. As to the January 27 email, Defendants argue that it was insufficient to put them on notice that the case was removable because the state court did not actually dismiss Safeway until five days later—on February 1, 2022. The undersigned agrees. The case was not removable when Defendants received the January 27 email. Thus, as Defendants note, the January 27 email, at most, put them on notice that the case was about to become removable, which is insufficient under the Fifth Circuit's "unequivocally clear and

---

[3] Defendants raise the argument that Plaintiff violated their due process rights regarding notice by failing to accompany their motion for dismissal with a proposed order requesting that a motion be set for hearing. [doc. #14, p. 7]. Defendants acknowledge, however, that Plaintiff electronically served them with a copy of the motion via email, as allowed by Louisiana law. La. Code Civ. P. Art. 1313(A)(4). The email was received by defense counsels' background email server but did not push to their inbox. Thus, any resulting prejudice is attributed to defense counsels' technological malfunction—not a failure by Plaintiff to comply with the Louisiana Code of Civil Procedure.

[4] The undersigned would also note that while the instant motion arises out of a removal dispute and not a motion to dismiss, the Fifth Circuit has made it clear that every counsel is responsible for "'routinely checking the docket for activity, regardless of whether he received electronic notices about updates.'" *Ibieta v. Allstate Fire & Cas. Ins. Co.*, No. 5-19-cv-00389, 2020 WL 3248973, at *4 (W.D. Tex. June 16, 2020) (quoting *Walker v. Transfrontera CV de SA*, 634 Fed. App'x 422, 526 (5th Cir. 2015)). According to defense counsel, they first learned that the case was removable on June 9, 2022, when they accessed the state court online system and downloaded the order dismissing Safeway. Presumably then, defense counsel did not access the docket during the four-month period between February 1, 2022, when the dismissal order was signed, and June 9, 2022, when they claim they first learned of the order—because if they had done so, they would have learned that Safeway was dismissed, and the case was removable.

certain" standard. Accordingly, the January 27 email was not sufficient notice to trigger the 30-day removal clock.

Turning to the April 8 email, Defendants argue that it, too ,was insufficient to put them on notice that the case was removable. The email, sent by Safeway's paralegal, stated simply "Safeway has been dismissed." [doc. #7-4]. Defendants cite to *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602 (5th Cir. 2018), to argue that Safeway's "subjective opinion" that it had been dismissed from the case is insufficient for the email to constitute "other paper." [doc. #14, p. 4]. The undersigned disagrees. In *Morgan*, the Fifth Circuit affirmed that for removal, a defendant needs "more than his own averment" that he received favorable information supporting removal. 879 F.3d at 611. Importantly, much of the case law interpreting "other paper" under Section 1446(b)(3) arises from cases where Defendants seek removal based on their own subjective knowledge that the amount in controversy exceeds the jurisdictional amount. *See, e.g.*, *id.*; *Addo v. Globe Life and Acc. Ins.*, 230 F.3d 759, 761 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). In *S.W.S. Erectors Inc.*, for example, the Fifth Circuit held that Defense Counsel's affidavit specifying that the amount in controversy exceeded $100,000 was not "other paper" because it was defendant's own evidence relying on subjective knowledge rather than any voluntary act by the plaintiff. 72 F.3d at 494.

In this case, however, the propriety of removal does not turn on the subjective amount in controversy, but on objective evidence: that Safeway had been dismissed and that, objectively, it was the only non-diverse Defendant in the case. It is undisputed that, once Safeway was dismissed, the parties were completely diverse, and the case became removable. Thus, Safeway's April 8

8

email to Defendants informing them that Safeway was dismissed from the case made it "unequivocally clear and certain" that the case was removable.

Defendants also argue that the email is not "other paper" because it did not attach the signed order of dismissal, and it was not voluntarily sent by the plaintiff.[5] These arguments are similarly unconvincing. It was Plaintiff's voluntary act—filing a joint motion to dismiss—that led to Safeway's dismissal.[6] And, as discussed *infra*, the purpose of the "voluntary act of the plaintiff" requirement is to keep defendants from removing cases based on their own evidence of their own subjective knowledge. *See Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 373 (5th Cir. 2021) ("Thus, the companies' own discovery responses in this case cannot serve as an 'other paper' that started the removal clock."). Here, there is no similar concern. The email notifying Defendants of Safeway's dismissal came from Safeway—not Defendants. The state court dismissed Safeway because Plaintiff filed a joint motion to dismiss. Thus, Safeway's dismissal, and the email notifying Defendants thereof, resulted from Plaintiff's voluntary act—it is immaterial that the email came from Safeway and not Plaintiff. It is also immaterial that the email did not attach the signed order of dismissal. The statement "Safeway has been dismissed" is unequivocal on its face and easily verifiable; defense counsel needed only to check the state court's docket, as it did months later, to confirm that Safeway had indeed been dismissed.

---

[5] Defendant also argues that they did not actually receive the email—however, as discussed *infra*, the email was received by defense counsels' email server on April 8, 2022, which the undersigned finds is sufficient for receipt under Section 1446(b)(3).

[6] Defendants cite *Credeur* to argue that the email must have been sent by Plaintiff to qualify as "other paper." In *Credeur*, however, the court did not find that a plaintiff *must* send an email for it to qualify as an "other paper." 2013 WL 5935477 at *6. Rather, the court found that an email sent by a plaintiff *may* qualify as an "other paper." *See id*. The court did not foreclose the possibility that some other voluntary act by a plaintiff—other than sending the email—may serve as the voluntary act necessary for an email to serve as an "other paper." *Id.*

Defendants also advance two policy arguments in favor of removal. First, Defendants argue that if an email from another defendant with no order attached constitutes "other paper," then defendants would be obligated to remove immediately upon receiving an email from a co-defendant that indicates diversity jurisdiction is possible. But, as Plaintiff points out, diversity of citizenship is an objective analysis—a non-diverse party is either active or dismissed. Moreover, as discussed, one need only access the docket to verify the status of a non-diverse party, an action that can easily be accomplished within the deadline for removal. Thus, the risk of improper protective removal is relatively low. Second, Defendants argue that an order remanding this case would encourage plaintiffs to avoid providing defendants with service copies of orders dismissing non-diverse defendants. Once again, the undersigned disagrees. Plaintiff served Defendants with a copy of his joint motion for dismissal. It was defense counsels' faulty email server that kept them from seeing the motion in their inbox—not a service failure on the part of Plaintiff. Thus, the Court makes no findings that would disrupt the existing procedures for service of copies of motions or orders.

Finally, the Court would emphasize that any doubt about the propriety of removal must be resolved in favor of remand. *Gasch*, 491 F.3d at 281–82. While the undersigned may be sympathetic to technology malfunctions, it does not change the fact that the removal statute must be strictly construed in favor of remand. *See Laurendine v. Sewerage & Water Bd. of New Orleans*, No. 15-495, 2015 WL 3935725, at *5 (E.D. La. June 26, 2015) (holding that, in the context of a timeliness-of-removal dispute, any ambiguities are construed against removal and in favor of remand); *Blue Mesa Props., LLC v. Hilburn*, No. 3:11-cv-2842, 2011 WL 13228207, at *4 (N.D. Tex. Dec. 14, 2011) (resolving any doubts about timeliness of removal in favor of remand).

Accordingly, the undersigned finds that the email received by Defendants on April 8, 2022, contained "unequivocally clear and certain" information that the case was removable, thereby triggering the 30-day removal clock. Therefore, Defendants' notice of removal, which was not filed within 30 days of April 8, 2022, is untimely, and Plaintiff's motion to remand should be granted.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion to remand [doc. #7] be **GRANTED**, and that this matter be **REMANDED** to the First Judicial District Court, Caddo Parish, State of Louisiana.

Under the provisions of 28 U.S.C. ' 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS**

**AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 17th day of November, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE